IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID BROWN, | * | |
| Plaintiff, | * | |
| | | Civil No. RDB 08-2549 |
| v. | * | |
| MAYOR AND CITY COUNCIL OF BALTIMORE, DEPARTMENT OF TRANSPORTATION, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

Plaintiff David Brown ("Brown") has filed the present lawsuit alleging that his employer, the Department of Transportation for Baltimore City, violated the Americans with Disabilities Act of 1990 ("ADA"), as amended 42 U.S.C. §§ 12101, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq*. Now pending before this Court is the Motion to Dismiss and/or Motion for Summary Judgment (Paper No. 19) filed by the Mayor and City Council of Baltimore ("the City"). This matter has been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons set forth below, the City's Motion to Dismiss is GRANTED.

### **BACKGROUND**

Plaintiff Brown has been employed as a Public Information Officer Supervisor for the Department of Transportation for Baltimore City ("Department"). Brown alleges that he suffers from severe kidney failure, a "qualified disability" under the ADA. After taking family medical

leave of absence from April through August of 2007 for a medical condition that required surgery, Brown claims that he was unlawfully replaced in his supervisory role over the Department's Public Relations Team by his former subordinate, Adrienne Barnes. In addition, he alleges that he was subjected to a hostile work environment and to verbal abuse by Ms. Barnes. Finally, Brown claims that he was reprimanded verbally and in writing for supposed unsatisfactory job performance but that no documentation was ever provided in support of the reprimand.

On September 19, 2007, Brown filed a charge of discrimination with the Baltimore Community Relations Commission and the Equal Employment Opportunity Commission (EEOC). On June 24, 2008, the EEOC issued Brown a "Notice of Right to Sue" letter. On September 29, 2008, Brown filed the subject Complaint in this Court under the Americans with Disability Act and Title VII of the Civil Rights Act. Brown asserts that he was stripped of his supervisory responsibilities because of his medical condition and that he was discriminated against because of his gender due to the fact that Ms. Barnes was assigned some of his former responsibilities.

On May 5, 2009, this Court entered a Memorandum Opinion in which it granted Plaintiff leave to file an Amended Complaint in order to correct certain pleading deficiencies. More specifically, Plaintiff was given the opportunity to properly designate the Mayor and City Council of Baltimore as a defendant. In addition, the Plaintiff was advised that he should specifically allege the date of the mailing and receipt of his EEOC right-to-sue letter and attach a sworn affidavit in support thereof. On July 14, 2009, Plaintiff filed his Amended Complaint and on July 24, 2009, Defendant filed the pending Motion to Dismiss and/or Motion for Summary Judgment (Paper No. 19).

## STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States,* 120 F.3d 472, 474 (4th Cir. 1997). A complaint must meet the "simplified pleading standard" of Rule 8(a)(2), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Although Rule 8(a)(2) requires only a "short and plain statement," a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. Thus, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## ANALYSIS

To assert a cause of action under Title VII or the ADA, a claimant must timely file suit within ninety days after receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C.A. § 2000e-5(f)(1); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984) (ruling that a claimant forfeits its right to pursue a claim under Title VII if suit is not brought within ninety days). The right-to-sue notice letter of June 24, 2008, specifically informed Brown that his lawsuit under Title VII or the ADA must be filed within 90 days. The ninety-day period is not

jurisdictional, but instead is treated as a statute of limitations period. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). Nevertheless, the ninety day timing requirement is strictly enforced. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (ruling that an action filed ninety-one days after the claimant's wife received the notice was untimely).

In this case Brown's right-to-sue letter clearly indicates that it was mailed on June 24, 2008. The City claims that because Brown did not allege the date of receipt, the presumption is that he received it on June 27, 2008—three days from the date it was mailed. Fed. R. Civ. P. 6(d). The City argues that Brown's claim is procedurally barred since he did not file suit until September 29, 2008, which is several days after the September 25, 2008 deadline for filing suit.

Brown counters that while the right-to-sue letter indicates that it was issued on June 24, 2008, it was not mailed until on or about June 30, 2008. To support this argument, Brown has submitted a photocopy of an envelope from the EEOC that is postmarked June 30, 2008. Brown claims that because it is presumed that he received the letter three days after it was mailed, the date of receipt should be recognized as July 3, 2008. Thus, he contends, his lawsuit was timely filed on September 29, 2008, since it is before the October 1, 2008 deadline for filing a judicial complaint.

If the date of the claimant's receipt of the right-to-sue notice is confirmed by the evidence, that date governs in calculating the limitations period. *Nguyen v. Inova Alexandria Hosp.*, No. 98-2215, 1999 U.S. App. LEXIS 17978, at *8 (4th Cir. July 30, 1999). However, where the date of receipt is uncertain or otherwise disputed, courts presume that the notice to sue was received within three days of the date upon which it was mailed. *Darden v. Cardinal Travel*

*Ctr.*, 493 F. Supp. 2d 773, 775 (W.D. Va. 2007) (citing *Ish v. Arlington County, Va.*, 918 F.2d 955 (4th Cir. 1990) (unpublished)).

As mentioned in this Court's Memorandum Opinion of May 5, 2009, both the mailing date and the date of receipt of the right-to-sue notice are in dispute in this case.  While the United States Court of Appeals for the Fourth Circuit has not yet decided the issue, most courts "find that the plaintiff bears the burden of establishing the timeliness of the filing of her complaint where it is contested by the defendant."  *Darden v. Cardinal Travel Ctr.*, 493 F. Supp. 2d 773, 776 (W.D. Va. 2007) (citing *Williams v. Enter. Leasing Co. of Norfolk/Richmond*, 911 F. Supp. 988, 993 (E.D. Va. 1995)).

In its earlier Memorandum Opinion, this Court stated that Brown "is well-advised to specifically allege the date of the mailing and receipt of his EEOC right-to-sue letter in his Amended Complaint, and attach a sworn affidavit in support thereof."  Memorandum Opinion of May 5, 2009, at p.5.  Although Brown filed an Amended Complaint on July 14, 2009, he inexplicitly failed to allege the dates of the mailing and receipt of the right-to-sue letter, and he failed to attach a sworn affidavit to support such allegations.  Accordingly, this Court finds that the Plaintiff has not carried his burden of establishing the timeliness of his claims under Title VII and the ADA.[1]

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and/or Motion for Summary Judgment (Paper No. 19) is GRANTED and Plaintiff's lawsuit is dismissed with prejudice. A separate Order follows.

---

[1] Defendant argues, in the alternative, that Plaintiff's lawsuit should be dismissed because he improperly named the Department of Transportation as a defendant instead of the Mayor and City Council of Baltimore.  However, this Court need not reach this issue, as it finds that Plaintiff's suit must be dismissed as time-barred.

5

Date: February 5, 2010                                 /s/_____
                                                       Richard D. Bennett
                                                       United States District Judge